UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYM BARRON,

    Plaintiff,

v.

COURTYARD MANAGEMENT CORPORATION,

    Defendant.

Case No. C17-1801 RSM

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND VERIFICATION OF INTERROGATORY ANSWERS**

Before the Court is Defendant's Motion to Compel Production of Documents and Verification of Interrogatory Answers. The Court has considered the written materials submitted, and notes that Plaintiff Kym Barron has failed to respond to this Motion. "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2) ("Obligation of Opponent"). The Court finds that Ms. Barron has conceded the merits of this Motion, and that the requested relief is warranted under Rule 37.

It is ORDERED that Plaintiff shall supplement her responses to Defendant's Requests for Production of Documents, and produce responsive documents to Defendant within **seven (7) court days of this Order**, as follows:

- Request for Production No. 8: Plaintiff shall produce any documents related to her answer and supplemental answer to Interrogatory No. 8 supporting her claim in

ORDER GRANTING MOTION TO COMPEL - 1

paragraph 17 of the Complaint that the "staff and management" at the Property has a "history of discrimination against minorities, including African Americans," including any documents related to her conversation with a union representative in the Post Office or related to her conversation with a "professional colleague" that his property was stolen while he was a guest at a Marriott hotel in Atlanta, Georgia.

- Request for Production No. 9: Plaintiff shall produce documents and/or tangible items that relate in any way to any of the lawsuit(s), arbitration(s), claim(s), or proceeding(s) that she was asked to identify in Interrogatory No. 9 between the dates January 2014 to December 2015, including records related to her claims for Social Security Disability.

- Request for Production No. 13: Plaintiff shall produce any and all tax returns, including all supporting schedules, for her and/or to the extent applicable, her marital community, for each calendar year 2013 through 2017.

- Request for Production No. 14: Plaintiff shall produce any and all documents and/or tangible items related to the income and/or benefits she was asked to describe in Interrogatory No. 13, including documents related to sources of income she has had since January 1, 2015.

- Request for Production No. 15: Plaintiff shall produce any and all documents and/or tangible items in her possession, custody, or control that relate to any or all efforts that she has made, or that have been made on her behalf (for instance, by employment agencies), to obtain employment or other sources of income for herself (including self-employment) since January 1, 2015.

- Request for Production No. 16: Plaintiff shall produce any and all documents and/or tangible items in her possession, custody, or control that relate to any or all applications, requests, payments, and/or benefits that she was asked to describe in her answer to Interrogatory No. 15 (numbered as Interrogatory 14), including applications, requests, or payments for disability since January 1, 2015.

- Request for Production No. 20: To the extent Plaintiff intends to call a healthcare provider to testify at trial or claims to have a diagnosable condition that was caused or exacerbated by Defendant, Plaintiff shall produce any and all documents in her possession, custody, or control related to healthcare providers who Plaintiff saw related to any treatment for major depression, anxiety and post-traumatic-stress-disorder, as described in her answer to Interrogatory Nos. 17 and 18, in the past 10 years, excluding any documents already produced in this matter.
- Request for Production No. 21: Plaintiff shall produce any and all documents that evidence or relate to her stay at any property she was requested to identify in Interrogatory No. 20, including any hotel properties where Plaintiff has stayed since August 1, 2015.
- Request for Production No. 23: Plaintiff shall produce any and all receipts evidencing any purchases made by her or on her behalf to replace any item that she alleges was lost or stolen at the Courtyard Hotel in Federal Way, Washington in October 2015.
- Request for Production No. 26: Plaintiff shall produce any and all documents that evidence, relate to, or refer to all communications with any third-party regarding her interactions with Defendant, except any documents already produced in this matter.
- Request for Production No. 27: Plaintiff shall produce copies of the account statements of any credit card she used at any time between June 1, 2015 and December 1, 2015.

It is further ORDERED that Plaintiff shall provide verification for her answers and supplemental answers to Defendant's First Set of Interrogatories within **seven (7) court days** of this Order.

DATED this 22 day of October 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO COMPEL - 3