UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYM BARRON,<br><br>                Plaintiff,<br><br>    v.<br><br>COURTYARD MANAGEMENT CORPORATION,<br><br>                Defendant. | CASE NO. C17-1801 RSM<br><br>ORDER GRANTING MOTION TO COMPEL AND FOR PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ORDERED |

This matter comes before the Court on Defendant Courtyard Management Corporation's Motion to Compel. Dkt. #39. Plaintiff Kym Barron has not filed an opposition to this Motion.

This case was originally filed in King County Superior Court and removed to this Court on December 1, 2017. Dkt. #1. The Scheduling Order originally set a discovery deadline of June 18, 2018. Dkt #15. Discovery was later extended to October 1, 2018, Dkt. #25, and then October 31, 2018, Dkt. #31. Courtyard Management filed this Motion on that last day of discovery. Dkt. #39. Courtyard now seeks to compel the deposition of Ms. Barron and for $6,841.50 in fees and expenses. *Id.*; Dkt. #49.

ORDER GRANTING MOTION TO COMPEL AND FOR PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ORDERED - 1

The declaration of Brad Bigos, filed with this Motion, indicates that Courtyard Management has made every effort to work with Ms. Barron to schedule her deposition. Courtyard originally served a notice of deposition on March 27, 2018. Dkt. #40 at ¶ 3. This first deposition was to take place in May. It was rescheduled because Ms. Barron was traveling for a work assignment. *Id*. at ¶ 4. On July 17, 2018, Courtyard rescheduled Ms. Barron's deposition for August 20, 2018. *Id.* at ¶ 5. At Ms. Barron's request, this was again rescheduled for August 27. *Id*. at ¶ 6. Later, Ms. Barron indicated it would not be financially possible for her to travel to Seattle for the deposition, and Courtyard again rescheduled. *Id*. at ¶¶ 7–9. On October 16, 2018, Ms. Barron did not appear for her deposition. *Id*. at ¶ 11. Ms. Barron failed to contact Courtyard in advance, leaving Courtyard's counsel and a court reporter sitting in a room waiting and billing for their time. *Id*. at 11–12.

After filing this Motion, Courtyard repeatedly moved to extend the noting date so that the parties could set a new deposition date and resolve this dispute. *See* Dkts. #41, #44, and #48. Courtyard's counsel eventually made arrangements for a deposition on November 16, 2018, when Ms. Barron was already planning to be in Seattle. Dkt. #50 at ¶ 2. Ms. Barron later said she would only be available from 12:30 p.m. to 5:30 p.m. on that date. *Id.* at ¶ 3. On the morning of the deposition, Ms. Barron emailed to say her flight was delayed and would not arrive at the airport in Seattle until 1:30 p.m. *Id*. at ¶ 6. Again, the court reporter (and a videographer) appeared for the deposition at 1:30 p.m. *Id*. at ¶ 7. Ms. Barron again failed to appear for her deposition. Courtyard's counsel repeatedly called and emailed Ms. Barron that afternoon to find out what happened and to ask if she would still appear. Ms. Barron did not respond to any of those messages. *Id*. at ¶ 8–9.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The court may order sanctions if a party fails, after being served with proper notice, to appear for deposition. Fed. R. Civ. P. 37(d)(1). Sanctions may include the reasonable attorney's fees and expenses caused by the failure to appear at deposition ***plus*** the sanctions listed in Rule 37(b)(2)(A)(i)-(iv), which include directing that facts be taken as established, staying proceedings, or even dismissing the action in whole or in part. Fed. R. Civ. P. 37(d)(3). However, these rules note that these sanctions may be avoided upon a showing that "the failure [to appear at deposition] was substantially justified or other circumstances make an award of expenses unjust." *Id*.

As an initial matter, given the circumstances presented by Courtyard, the Court grants leave for the filing of this Motion after the deadline for discovery motions. Courtyard could not have filed this Motion prior to the deadline, and appears to have worked with Ms. Barron in good faith to schedule this necessary deposition.

Ms. Barron's deposition is obviously critical to this case. Given the record above, the Court can easily conclude that the relief requested by Courtyard—an order compelling the deposition to take place and for expenses and fees incurred—is warranted. However, in an abundance of caution, the Court wishes to give Ms. Barron one final opportunity to provide an explanation on the record of her failure to appear for her deposition. If she can present substantial justification or other circumstances making an award of fees and expenses unjust,

the Court will consider waiving or reducing the award. However, the Court is also considering the further sanctions listed above. The Court is concerned about Ms. Barron's ability to prosecute her case, and must hear from her before this case can proceed. Accordingly the Court will order her to show cause as described below.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Courtyard Management Corporation's Motion to Compel, Dkt. #39, is GRANTED IN PART.

2) Plaintiff Barron shall appear for her deposition in Seattle, Washington on a date designated by Defendant Courtyard provided it gives Plaintiff fourteen (14) calendar days advance notice of the proposed date.

3) Plaintiff Barron must respond and show cause why she should not be ordered to pay Courtyard's attorneys' fees and expenses in the amount of $6,841.50. She must also explain why her case should proceed at this point given her repeated failure to attend her own deposition, which is necessary for Courtyard to present a defense in this case. Ms. Barron must file this response with the Court no later than **fourteen (14) days** from the date of this order. This response may not exceed six (6) pages and may not include attachments. Failure to file this response may result in dismissal of this case.

DATED this 4 day of December 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE