UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYM BARRON,

          Plaintiff,

   v.

COURTYARD MANAGEMENT CORPORATION,

          Defendant.

CASE NO. C17-1801 RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte*. On December 4, 2018, the Court issued an Order on Defendant Courtyard Management Corporation's Motion to Compel. Dkt. #52. The Court ordered Plaintiff Kym Barron to show cause why she should not have to pay $6,841.50 in fees and expenses as a discovery sanction, and also why dismissal of this case for failure to prosecute was not warranted. The Court explicitly warned Ms. Barron that failure to respond would result in dismissal. Ms. Barron has failed to respond.

This case was originally filed in King County Superior Court and removed to this Court on December 1, 2017. Dkt. #1. The Scheduling Order originally set a discovery deadline of June 18, 2018. Dkt #15. Discovery was later extended to October 1, 2018, Dkt. #25, and then October 31, 2018, Dkt. #31. Courtyard Management eventually filed a Motion compelling the deposition of Ms. Barron and for $6,841.50 in fees and expenses. *Id.*; Dkt. #49.

ORDER OF DISMISSAL - 1

The declaration of Brad Bigos, filed with that Motion, indicated that Courtyard Management made every effort to work with Ms. Barron to schedule her deposition. Courtyard originally served a notice of deposition on March 27, 2018. Dkt. #40 at ¶ 3. This first deposition was to take place in May. It was rescheduled because Ms. Barron was traveling for a work assignment. *Id*. at ¶ 4. On July 17, 2018, Courtyard rescheduled Ms. Barron's deposition for August 20, 2018. *Id.* at ¶ 5. At Ms. Barron's request, this was again rescheduled for August 27. *Id*. at ¶ 6. Later, Ms. Barron indicated it would not be financially possible for her to travel to Seattle for the deposition, and Courtyard again rescheduled. *Id*. at ¶¶ 7–9. On October 16, 2018, Ms. Barron did not appear for her deposition. *Id*. at ¶ 11. Ms. Barron failed to contact Courtyard in advance, leaving Courtyard's counsel and a court reporter sitting in a room waiting and billing for their time. *Id*. at 11–12.

After filing the Motion to Compel, Courtyard repeatedly moved to extend the noting date so that the parties could set a new deposition date and resolve this dispute. *See* Dkts. #41, #44, and #48. Courtyard's counsel eventually made arrangements for a deposition on November 16, 2018, when Ms. Barron was already planning to be in Seattle. Dkt. #50 at ¶ 2. Ms. Barron later said she would only be available from 12:30 p.m. to 5:30 p.m. on that date. *Id.* at ¶ 3. On the morning of the deposition, Ms. Barron emailed to say her flight was delayed and would not arrive at the airport in Seattle until 1:30 p.m. *Id*. at ¶ 6. Again, the court reporter (and a videographer) appeared for the deposition at 1:30 p.m. *Id*. at ¶ 7. Ms. Barron again failed to appear for her deposition. Courtyard's counsel repeatedly called and emailed Ms. Barron that afternoon to find out what happened and to ask if she would still appear. Ms. Barron did not respond to any of those messages. *Id*. at ¶ 8–9.

On December 4, 2018, the Court found that "Ms. Barron's deposition is obviously critical to this case" and that "the relief requested by Courtyard—an order compelling the

deposition to take place and for expenses and fees incurred—is warranted." Dkt. #52 at 3. However, in an abundance of caution, the Court gave Ms. Barron "one final opportunity to provide an explanation on the record of her failure to appear for her deposition." *Id.* The Court warned that it was still considering the sanctions listed in Rule 37(b)(2)(A)(i)-(iv), that it was concerned about Ms. Barron's ability to prosecute her case, and that the Court "must hear from her before this case can proceed." *Id*. at 4.

The Court now finds that dismissal of this case is warranted as a discovery sanction under Fed. R. Civ. P. 37(d)(3). Dismissal is also warranted for Ms. Barron's failure to prosecute her case and failure to respond to this Court's prior Order to Show Cause. The Court further finds, consistent with its prior Order, that she must pay Defendant Courtyard Management $6,841.50 in fees and expenses to cover its reasonable costs in attending her no-show deposition.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff Barron's claims are DISMISSED.

2) Plaintiff Barron is ordered to pay $6,841.50 in fees and expenses to Defendant Courtyard Management. This payment shall be made no later than **sixty (60) days** from the date of this Order.

3) This case is CLOSED.

DATED this 27th day of December, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3